IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RHONDA SUE GROVES**                                                                 **PLAINTIFF**

V.                          NO. 4:25-CV-00011-JTK

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Rhonda Sue Groves ("Groves"), applied for Title XVI supplemental security income and Title II disability benefits on October 23, 2020, alleging a disability onset date of December 30, 2017. (Tr. at 17). The applications were denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Groves was not disabled. (Tr. at 17-31). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Groves has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. **The Commissioner's Decision:**

The ALJ found that, although Groves worked for part of the relevant time-period, she had not engaged in substantial gainful activity since the application date of December 30, 2017.[2] (Tr. at 20). The ALJ found, at Step Two, that Groves had the following severe impairments: chronic liver disease, obesity, depression, and anxiety. (Tr. at 20).

After finding that Groves' impairments did not meet or equal a listed impairment (Tr. at 20-23), the ALJ determined that Groves had the residual functional capacity ("RFC") to perform work at the medium exertional level, with additional limitations: (1) she can perform detailed tasks involving 3 to 4 variables; (2) she can understand, remember, and follow instructions without limitation; (3) she is able to exercise independent judgment and requires little or no supervision; (4) she can interact with supervisors, co-workers, and the public on a frequent basis; and (5) she can adapt to changes in the workplace. (Tr. at 23).

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

At Step Four, the ALJ determined that Groves is capable of performing past relevant work as an auto clerk.  (Tr. at 29). The ALJ made an alternative finding at Step Five. Utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that, based on Groves' age, education, work experience, and RFC, she was able to perform a number of jobs in the national economy. (Tr. at 30-31). Therefore, the ALJ concluded that Groves was not disabled. *Id*.

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

 B. Groves's Arguments on Appeal

Groves contends that the evidence supporting the ALJ's decision is less than substantial. Her only argument is that the ALJ did not properly evaluate her subjective complaints.

Social Security Ruling 16-3p removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. 2016 SSR LEXIS 4 ("SSR 16-3p"); 20 C.F.R. §§ 404.1527, 404.927. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors (previously described by ALJs as the *Polaski* factors) that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 *14-15 (W.D. Mo. Jan. 9,

2017)(familiar factors include a claimant's daily activities; the nature, duration, frequency and intensity of her symptoms; precipitating and aggravating factors; and the type of medication and other treatment or measures used for the relief of pain and other symptoms); *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). Contrary to Groves' argument, an ALJ does not err if he does not mention the *Polaski* case. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000; *Milam v. Colvin*, 794.3d 978, 984 (8th Cir. 2015).

The ALJ discussed SSR 16-3p and its relevant factors and subsequently found that Groves' subjective complaints were not entirely consistent with the balance of the record. (Tr. at 27). For instance, while Groves suffered from fatty liver disease/cirrhosis, she continued to drink against her doctor's recommendations.[3] (Tr. at 24-26, 550, 554, 1523). This contravenes Groves' allegations that she was disabled.

The ALJ discussed clinical findings, noting that throughout the relevant time-period, in general, abdominal, gastrointestinal, respiratory, cardiovascular, psychiatric, musculoskeletal, and neurological examinations were normal.[4] (Tr. at

---

[3] A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

[4] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

432-433, 528-562, 1120, 1247-1248, 1491-1492). The ALJ discussed Groves' relatively conservative treatment for reflux and abnormal pain, and he noted that her doctors recommended that she modify her diet to lose weight. *Id*. The record does not show that she followed this advice. Also, the ALJ noted that a heating pad provided relief from pain, and Groves said that she felt much better post-hysterectomy. (Tr. at 16, 1522-1523). She said her hernia did not bother her. (Tr. at 27). She was not hospitalized when she had a difficulty course of Covid-19. *Id*. Groves' treatment was conservative, with recommendations for follow-ups with her doctors as needed. (Tr. at 527).

Groves was able to perform a variety of daily activities that undermine her claims that she is disabled. She lives in a house by herself, and she said could perform self-care and do simple chores, she could prepare meals and watch television, and she could shop in stores.[5] (Tr. at 22-26, 285-289). These activities align with the RFC for medium work. Also, no treating doctor placed restrictions on Groves related to work activities. Finally, the ALJ discussed the fact that Groves worked at least part time during the relevant time-period.[6] (Tr. at 19).

---

[5] Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[6] Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling conditions. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th

Groves cites to *Littrell v. O'Malley*, No. 24-1923, 2024 WL 4403722 (8th Cir. Oct. 4, 2024) (unpublished), for the proposition that the record lacked sufficient evidence to support the ALJ's decision. But the Court in *Littrell* found error where the ALJ cited only to a lack of evidence in discounting the claimant's subjective complaints, rather than engage in a full analysis. *Id*. at *1. Here, the ALJ thoroughly discussed four years' worth of medical evidence, as well as the nature of Groves' pain and the treatment she undertook. There was not a lack of evidence in this case, and the ALJ thoughtfully addressed the necessary factors in finding that Groves' subjective complaints were inconsistent with the record evidence. The Court finds no error.

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly analyzed Groves' subjective complaints. The finding that Groves was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 9th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

Cir. 1994).

8